UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRIME PROPERTY & CASUALTY INSURANCE INC. | § § § | |
| Plaintiff, | § § | Civil Action No. 4:15-cv-3068 |
| v. | § § | |
| MID-A TRANSPORTATION INC. NURIDDIN PARDAYEV, JEREMY NATHANIEL PRICE, AMSCO TRANSPORTATION, INC., R.W. TIMMS LEASING, LLC and WESTERN FLYER EXPRESS, INC. | § § § § § § § | |
| Defendants. | | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Prime Property & Casualty Insurance, Inc. ("Prime") files this Complaint for Declaratory Judgment against Defendants, Mid-A Transportation Inc., Nuriddin Pardayev, Jeremy Nathaniel Price, AMSCO Transportation, Inc., R.W. Timms Leasing, LLC, and Western Flyer Express, Inc. and states as follows:

### I. INTRODUCTION

1. This is an action for declaratory judgment pursuant to the Texas Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE § 37.001 *et seq.*, seeking to determine a question of actual controversy between Prime and Mid-A Transportation, Inc. ("Mid-A Transportation") and Nuriddin Pardayev ("Pardayev") in construing the rights and obligations of the parties under an insurance policy Prime issued to Mid-A Transportation.

2. Prime and Mid-A Transportation dispute whether Prime is obligated to provide a defense or indemnity to Mid-A Transportation and Pardayev in the underlying litigation pursuant

1

to the terms of the policy. Prime maintains, and Mid-A Transportation denies, there is no coverage for the underlying litigation under the terms of the policy and that Prime's obligation, if any, under the policy is limited to the public liability limits set forth in the MCS-90 endorsement attached to the policy. By this action, Prime seeks a declaration of its rights and obligations of the interested parties under the insurance policy issued to Mid-A Transportation, which includes the determination that Prime owes no duty to defend and indemnify and that Prime fully satisfied its obligations, if any, under the policy. Therefore, an actual and justiciable controversy exists between Prime and Mid-A Transportation.

## II.     PARTIES

3. Prime Property & Casualty Insurance, Inc. is an Illinois corporation with its principal place of business in Salt Lake County, Utah.

4. Upon information and belief, Mid-A Transportation, Inc. is an Illinois corporation with its principal place of business in Cook County, Illinois and may be served with process by serving its registered agent, Raimonda Nekrasius, at 975 Brassfield Ave., Romeoville, Illinois, 60046.

5. Upon information and belief, Nuriddin Pardayev is a citizen of the State of Louisiana and resident of Orleans County, Louisiana and can be served with process at the following address: 1201 Lake Ave. #116, Metairie, Louisiana, 70005.

6. Upon information and belief, Jeremy Nathaniel Price is a citizen of the State of Texas and resident of Colorado County, Texas and can be served with process at the following address: 402 Lester, Weimer, Texas, 78962.

7. Upon information and belief, AMSCO Transportation, Inc. is a Texas corporation with a principal place of business in Houston, Texas and can be served with process by serving its registered agent, Richard W. Smith, at 6100 Almeda-Genoa Rd., Houston, Texas 77048.

8. Upon information and belief, R.W. Timms Leasing, LLC is an Oklahoma limited liability company with a principal place of business in Oklahoma City, Oklahoma and can be served with process by serving its registered agent Randy Timms, at 5204 West I-40 Service Road, Oklahoma City, Oklahoma, 73128.

9. Upon information and belief, Western Flyer Express, Inc. is an Oklahoma corporation with a principal place of business in Oklahoma City, Oklahoma and can be served with process by serving its registered agent, Rodney W. Timms at 5220 SW 11th St., Oklahoma City, Oklahoma, 73128.

### III. JURISDICTION AND VENUE

10. This Court has diversity jurisdiction over this controversy under 28 USC § 1332(a) in that the dispute is between citizens of different states. In an action seeking declaratory relief, the amount in controversy is measured by the value of the object of the litigation or the extent of the injury to be protected. *Leininger vs. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). The amount in controversy herein is the amount of the claim made by the Defendants on the policy of insurance issued by Prime, which is in excess of $75,000.00, exclusive of interest and costs.

11. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(a), (b), because a substantial part of the events or omissions giving rise to this coverage dispute occurred in Houston, Texas, where the underlying litigation was filed. Also, one of the Defendants, AMSCO Transportation, Inc., has

its a principal place of business in Houston, Texas and as such, is subject to the court's personal jurisdiction there.

## IV.   THE UNDERLYING LITIGATION

12.   On December 12, 2014, Rodney Dewayne Hickman ("Hickman") filed the underlying lawsuit in the District Court of Harris County, Texas, case number 2014-72161, against Mid-A Transportation, Nuriddin Pardayev, New Life, Limited, Richard's Auto, Inc., AMSCO Transportation, Inc., and Jeremy Nathaniel Price. ("the *Hickman* lawsuit").  A true and accurate copy of the original petition is attached hereto as Exhibit A.

13.   In the original petition, Rodney Dewayne Hickman alleges that on May 7, 2014, Pardayev, while in the course and scope of his employment with Mid-A Transportation, New Life and/or Richard's Auto, drove his tractor and trailer into the rear of Hickman's trailer, in turn, causing the Hickman tractor and trailer to run into the rear of a tractor and trailer driven by Jeremy Nathaniel Price ("Price").  (Ex. A at ¶¶ 13-14). This second collision allegedly caused a catastrophic fire, injuring Hickman. (*Id*. at ¶ 14). The original petition asserts that Mid-A Transportation was grossly negligent for entrusting the tractor and trailer to Pardayev and is liable for Pardayev's negligence in causing the collision. (*Id*. at ¶¶ 13, 18-20).

14.   On January 9, 2015, Price filed a cross-claim against Mid-A Transportation and Pardayev.  A true and accurate copy of the Price cross-claim is attached hereto as Exhibit B. Price alleges that he was seriously injured when his tractor and trailer was struck by the tractor and trailer driven by Pardayev on May 7, 2014.  (Ex. B at ¶ 3.1).  The cross-claim also alleges that Mid-A Transportation and Pardayev were negligent and grossly negligent in causing the collision and that Mid-A Transportation was also negligent for entrusting Pardayev with the tractor and trailer at the time of the collision. (*Id*. at ¶¶ 4-6).

15. On February 27, 2015, AMSCO Transportation, Inc. ("AMSCO") filed a cross-claim against Mid-A Transportation and Pardayev. A true and accurate copy of the AMSCO cross-claim is attached hereto as Exhibit C. AMSCO Transportation alleges the actions of Mid-A Transportation and Pardayev were negligent and proximately caused the collision. (Ex. C at pp. 2-3). The cross-claim also seeks contribution from Mid-A Transportation and Pardayev. (*Id.* at p. 3).

16. On April 3, 2015, R.W. Timms Leasing, LLC ("R.W. Timms") filed a cross-claim against Mid-A Transportation and Pardayev. A true and accurate copy of the R.W. Timms cross-claim is attached hereto as Exhibit D. R.W. Timms alleges the actions of Mid-A Transportation and Pardayev were negligent and proximately caused the collision. (Ex. D at ¶¶ 9-11, 15). The cross-claim also alleges that Mid-A Transportation was negligent for entrusting Pardayev with the tractor and trailer at the time of the collision. (*Id.* at ¶ 12)

17. On May 5, 2015, Western Flyer Express, Inc. ("Western Flyer") filed a cross-claim against Mid-A Transportation and Pardayev. A true and accurate copy of the Western Flyer cross-claim is attached hereto as Exhibit E. Western Flyer alleges the actions of Mid-A Transportation and Pardayev were negligent and proximately caused the collision. (Ex. E at ¶¶ 9-11, 15). The cross-claim also alleges that Mid-A Transportation was negligent for entrusting Pardayev with the tractor and trailer at the time of the collision. (*Id.* at ¶ 12).

18. At the time of the incident, Pardayev was driving a 2004 Peterbilt tractor, VIN 1XP7D49X94D832962, and was pulling a 1997 Trailmobile trailer, VIN 1PT01ANH7V9006091. A true and accurate copy of the Texas Police Officer's Crash Report is attached hereto as Exhibit F.

## V. THE PRIME POLICY

19. Prime issued a commercial auto policy, number PC1401409, to Mid-A Transportation, effective January 9, 2014 to January 9, 2015. The policy, a true and accurate copy of which is attached hereto as Exhibit G, provides coverage under the Business Auto Coverage Form, in pertinent part, as follows:

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

A. Description of Covered Auto Designation Symbols

| Symbol | Description of Covered Auto Designation Symbols | |
|---|---|---|
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |

\* \* \*

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when

6

the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1. Who Is An Insured**

The following are "insureds":

**a.** You for any covered "auto".

**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow …

\* \* \*

**SECTION V – DEFINITIONS**

**B.** "Auto" means:

**1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

20. For purposes of "covered autos" designated under Item Two, the policy's Declarations refer solely to "Symbol 7" for "Specifically Described 'Autos'" in Item Three of the Declarations. At the time of the alleged collision described in the underlying litigation, however, neither the 2004 Peterbilt tractor, VIN 1XP7D49X94D832962, operated by Pardayev nor the 1997 Trailmobile trailer, VIN 1PT01ANH7V9006091, owned by Mid-ATransportation were specifically described in Item Three of the policy's Declarations via the Schedule of Covered Autos Endorsement (ACA-99-04).

21. Prime issued a BMC-91X form to the Federal Motor Carrier Safety Administration certifying that it had attached an MCS-90 endorsement to the policy guaranteeing $750,000 in required protection for members of the public pursuant to Federal Motor Carrier Safety Administration regulations governing motor carriers.

7

22.     The MCS-90 Endorsement attached to the policy provides as follows:

**ENDORSEMENT FOR MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY UNDER SECTIONS 29 AND 30 OF THE MOTOR CARRIER ACT OF 1980**

This insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Section 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury or to death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relive the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of any one accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

## VI.   PRIME FULLY SETTLED THE CLAIMS PURSUANT TO THE MCS-90 ENDORSEMENT

23. On August 25, 2015, pursuant to an executed Complete Release and Indemnity Agreement, Prime paid the policy's public liability limits of $750,000.00 under the MCS-90 Endorsement to settle the third-party bodily injury claim of Hickman against Mid-A Transportation and Pardayev with respect to the auto collision on May 7, 2014.  The parties subsequently filed an Agreed Partial Order of Dismissal in which all of Hickman's claims against Mid-A Transportation and Pardayev were dismissed with prejudice.  A true and accurate copy of the Agreed Partial Order of Dismissal is attached hereto as Exhibit H.

## VII.   CAUSES OF ACTION

### COUNT I
### (Declaratory Judgment)

24. Prime restates and incorporates the allegations of paragraph 1 through 23 as and for paragraph 24.

25. The allegations of the original petition filed by Hickman do not trigger coverage for Mid-A Transportation or Pardayev under the policy.

26. The allegations of the Price cross-claim do not trigger coverage for Mid-A Transportation or Pardayev under the policy.

27. The allegations of the AMSCO cross-claim do not trigger coverage for Mid-A Transportation or Pardayev under the policy.

28. The allegations of the R.W. Timms cross-claim do not trigger coverage for Mid-A Transportation or Pardayev under the policy.

29. The allegations of the Western Flyer cross-claim do not trigger coverage for Mid-A Transportation or Pardayev under the policy.

30. Prime's obligations, if any, with regard to any final judgment recovered in the *Hickman* suit against Mid-A Transportation for public liability resulting from negligence in the operation of the 2004 Peterbilt tractor, VIN 1XP7D49X94D832962, or 1997 Trailmobile trailer, VIN 1PT01ANH7V9006091, are limited under the policy's MCS-90-Endorsement to the public liability limits of $750,000 already expended by Prime and subject to Prime's right of reimbursement for that amount from Mid-A Transportation.

31. Prime has paid $750,000.00 to settle the third-party bodily injury claim of Hickman; and therefore, has already expended its entire public liability limit under the MCS-90 Endorsement.

32. Accordingly, Prime is entitled to judgment declaring it does not owe a defense or indemnity in the *Hickman* suit and that its obligations, if any, are limited to those provided in the MCS-90 endorsement, namely, the public liability limits of $750,000, which has been completely expended. Prime is further entitled to its attorney's fees and costs, and to such other relief as the court deems proper.

### COUNT II
### (Breach of Contract)

33. Prime restates and incorporates the allegations of paragraph 1 through 32 as and for paragraph 33.

34. The commercial auto policy number PC1401409 issued to Mid-A Transportation constitutes a valid and enforceable contract between Prime and Mid-A Transportation.

35. Prime fully performed its obligations under the insurance contract.

36. Mid-A Transportation has failed to perform its obligation under the insurance contract and has materially breached the insurance contract by, among other things, failing to reimburse Prime for: 1) the $750,000.00 paid to settlement of the third party claim brought by

Hickman; 2) the amounts paid by Prime in attorney's fees and costs in defending Mid-A Transportation against the *Hickman* suit; and 3) the amounts paid by Prime in attorney's fees and costs in enforcing its insurance contract with Mid-A Transportation, pursuant to the Endorsement for Motor Carrier Polices of Insurance for Public Liability Under Sections 29 and 30 of the Motors Carrier Act of 1980.

37. As a direct result of Mid-A Transportation's breaches of contract, Prime has been damaged in that it has been deprived of the full amount of money due and owing to it under the insurance contract, which it may now declare immediately due and payable.

38. Prime has demanded payment from Mid-A Transportation in writing and given Mid-A Transportation ample opportunity to cure its breach, but Mid-A Transportation has refused and its breach remains uncured.

## VIII. CONCLUSION AND PRAYER

39. Prime seeks a judicial determination by this Court that Prime does not have a duty to defend and indemnify the Defendants in the *Hickman* suit and that Prime's obligations, if any, have been fully satisfied.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Prime Property & Casualty Insurance, Inc., respectfully requests that this Court: 1) declare that Prime does not owe a defense or indemnity for the underlying litigation and that its obligations, if any, are limited to those provided in the MCS-90 Endorsement, 2) declare that Mid-A Transportation must pay all outstanding claims regarding the underlying accident, and 3) grant judgment for Prime and against Mid-A Transportation for $750,000.00, plus the amounts Prime has paid in attorney's fees and costs in defending Mid-A Transportation and enforcing its contract with Mid-A

Transportation, prejudgment interest, post-judgment interest, its attorney's fees and costs, and such other relief as the court deems proper.

          Respectfully submitted,

          BINGHAM, MANN & HOUSE

          By: /s/ Bradley M. Bingham
              BRADLEY M. BINGHAM
              Attorney-in-Charge
              State Bar No. 02322400
              S.D. Tex. Bar No. 838
              DEBRA BRADBERRY
              State Bar No. 24048362
              S.D. Tex. No. 587156
              4500 Yoakum Boulevard
              Houston, TX 77006
              Tel.: (713) 357-9870
              Fax:  (713) 559-3060
              bbingham@bmh-law.com
              dbradberry@bmh-law.com
              Attorneys for Plaintiff
              Prime Property & Casualty Insurance, Inc.